IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JULIO PEREZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv190 |
| MAJOR DELAROSA, ET AL | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Julio Perez, Jr., an inmate confined in the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brings this civil rights action against Major Delarosa, Roger McDonald, Dr. Velez and Ms. Curry.[1]  The defendants are employed at the Telford Unit.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue is controlled by 28 U.S.C. § 1391.  *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

The Telford Unit is located in Bowie County.  As the actions allegedly taken by the defendants were taken at the Telford Unit,

---

[1] Plaintiff named additional defendants in his complaint.  However, the claims against such defendants were previously severed and transferred to the Tyler Division of this court.

the claims against the defendants arose in Bowie County. Pursuant to 28 U.S.C. § 124, Bowie County is located in the Eastern District of Texas. As a result, venue is proper in this court.

However, while Bowie County is in the Eastern District of Texas, it is in the Texarkana Division, rather than the Beaumont Division. When a case is filed in the wrong division, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division pursuant to Section 1406(a)).

Accordingly, this case will be transferred to the Texarkana Division of this court. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this  18  day of    August   , 2006.

*(signature)*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE